# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-1066** (Ohio County 16-F-47)

**Richard W. Zimmerman**,
**Defendant Below, Petitioner**

**FILED**

**January 5, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Richard W. Zimmerman, by counsel Matthew Brummond, appeals his August 26, 2016, conviction of one count of sexual abuse in the first degree, in violation of West Virginia Code § 61-8B-7(a)(1). Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in permitting the introduction of evidence of petitioner's lustful disposition towards children where the victim at issue was over the age of consent, per West Virginia Code § 61-8B-2, but under the date of majority.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21(d) of the Rules of Appellate Procedure.

In February of 2016, a friend of petitioner's daughter ("victim"), accused petitioner of sexually abusing her while she was an overnight guest at petitioner's residence.  At the time of the alleged abuse, the victim was seventeen-years-old, the same age as petitioner's daughter. Petitioner denied the sexual abuse allegations and stated that the contact between himself and the victim was consensual. During her trial testimony, the victim testified that on the night in question, petitioner returned home in the early morning hours to find his daughter and several of her friends asleep in the living room of the residence. Petitioner awoke the sleeping victim by throwing dog toys at her from an adjoining room.

When the victim stirred, petitioner approached the couch on which the victim was sleeping and began tickling her feet. The victim testified that she asked the petitioner to stop and he replied, "Stop me." Petitioner then put his hands inside the leg of victim's sweatpants and began rubbing one of her legs. He then lifted the victim's shirt and tickled her stomach. The victim testified that she again asked petitioner to stop. Petitioner responded to the victim's request to stop by placing his hand over her mouth to stifle her speech. Petitioner then began licking the victim's stomach and urged her to come with him to his bedroom. When the victim refused, petitioner pulled her by her arm to his bedroom. The victim testified that she discreetly

1

attempted to wake the other sleeping girls but was unsuccessful.

Once in petitioner's bedroom, the victim testified that petitioner closed the door and immediately "climbed atop" her. Petitioner lifted her shirt and began licking her stomach and breasts. Petitioner pulled down the victim's sweatpants and underwear and digitally penetrated her sex organ. Petitioner requested that the victim have sexual intercourse with him, but she refused. The victim then told petitioner she would return to him the following day and he permitted her to leave. Upon leaving petitioner's room, the victim woke another girl who had been sleeping in the bedroom of petitioner's daughter. The victim, then crying, told the girl that petitioner had been "touching [her]," and asked for a ride away from petitioner's home. The victim then left petitioner's home. Thereafter, petitioner began communicating with the victim by telephone and asked for nude pictures of her and for her to return to his residence.

In early May of 2016, petitioner was indicted on one count of sexual assault in the second degree and one count of sexual abuse in the first degree related to his contact with the victim in February of 2016. During discovery, the State filed a notice to use evidence pursuant to Rule 404(b) of the West Virginia Rules of Evidence. Specifically, the State sought to introduce evidence of petitioner's prior domestic battery charge against his former wife and evidence of "inappropriate text messages received by three individuals, two of who were minor children at the time of the incident in question." The State argued that this evidence established petitioner's lustful disposition towards children. Petitioner argued that such evidence was improper as it showed petitioner's "lascivious acts towards individuals" who were adults, despite being legally classified as minors, and showed no lustful disposition towards children.

In accord with *State v. McGinnis,* 193 W. Va. 147, 455 S.E.2d 516 (1994), a hearing was held on the State's 404(b) notice on August 3, 2016. Several witnesses offered testimony at the hearing including, A.R. (sixteen-years-old at the time she received a sexually suggestive text message from petitioner), Z.W. (a sixteen-year-old who received a sexually suggestive text message from petitioner), Z.W.'s mother, Z.W.'s uncle, and the victim.

A.R. testified that she received a text message from petitioner, in which he stated, "I just picture you on my couch with those short a** shorts on, but in my mind they weren't there." A.R. did not report petitioner's inappropriate text to anyone, but blocked petitioner's telephone number from further contact. Z.W. testified that she received text messages from petitioner, including one that stated she looked "sexy as hell." Z.W. testified that she sent the message to her mother, who contacted petitioner. The mother of Z.W. testified that when her daughter reported receiving sexually suggestive messages from petitioner, she contacted petitioner who blamed the messages on his son. Petitioner's son called to apologize for the messages, but Z.W.'s mother did not believe that petitioner's son sent such messages, as the messages referred to her daughter by a nickname which only petitioner called her. Z.W.'s uncle testified that petitioner later apologized to him for sending Z.W. inappropriate text messages. The State argued that Z.W., A.R., and the victim shared similar physical features and characteristics.

By order entered August 10, 2016, the circuit court granted in part, and denied, in part, the State's request to admit 404(b) evidence at trial. Specifically, the court denied the admission of 404(b) testimony regarding petitioner's former wife. However, the court ruled that the text

messages sent by petitioner to A.R. and Z.W. were admissible as they showed petitioner's lustful disposition towards other children, occurred reasonably close in time to the incident involving the victim, and involved children similarly situated to the victim. The court found that the probative value of such evidence substantially outweighed any perceived danger of unfair prejudice.

On August 24, 2016, petitioner's trial commenced. At trial, the victim testified, along with petitioner's daughter who acknowledged she saw the text messages sent by petitioner to the victim. Next, 404(b) witness A.R., testified. Prior to her testimony, the court read a limiting instruction to the jury.[1]  The next witness to testify was Z.W., another 404(b) witness. Again, prior to Z.W.'s testimony, the court again provided a limiting instruction to the jury. Several additional witnesses were called by the State, including the investigating officer and petitioner's girlfriend. Ultimately, petitioner was acquitted of the sexual assault of the victim, but was found guilty of the charge of sexual abuse in the first degree. It is from his August 26, 2016, jury conviction that petitioner now appeals.

On appeal, petitioner argues that the circuit court erred in permitting the introduction of 404(b) evidence relating to petitioner's lustful disposition towards children at trial.  As to a trial court's rulings on the admission of improper evidence, we have found that "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 4, *State v. Rodoussakis*, 204 W. Va. 58, 511 S.E.2d 469 (1998). *Accord* Syl. Pt. 5, *State v. Gibbs*, 238 W. Va. 646, 797 S.E.2d 623 (2017).

Further, we have long held that

> [w]here an offer of evidence is made under rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin*, 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that

---

[1]The court's limiting instruction advised jurors as follows:

> evidence of collateral acts of misconduct is not to be considered as establishing guilt of the crime for which the defendant is charged, but you may consider that evidence for the limited purpose of establishing the defendant's intent, the defendant's lustful disposition towards [the victim] and the defendant's lustful disposition towards girls around the age of 16 years.

the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted. A limiting instruction should be given at the time the evidence is offered[.]

Syl. Pt. 2, in part, *McGinnis*.

In *State v. LaRock,* 196 W. Va. 294, 310-11, 470 S.E.2d 613, 629-30 (1996), we found that the standard of review

for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403.

With these principles in mind, we now turn to petitioner's assignment of error. The parties agree that in *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990), this Court held that

[c]ollateral acts or crimes may be introduced in cases involving child sexual assault or sexual abuse victims to show the perpetrator had a lustful disposition towards the victim, a lustful disposition towards children generally, or a lustful disposition to specific other children provided such evidence relates to incidents reasonably close in time to the incidents reasonably close in time to the incident(s) giving rise to the indictment.

*Id.* at syl. pt. 2, in part.

Addressing the first of our three-step standard of review of the admission of Rule 404(b) evidence, articulated in *LaRock*, we find no error in the circuit court's determination that there was sufficient evidence to show that the acts in question actually occurred. Here, there is no dispute of the occurrence of the acts. As to the second and third steps of the standard of review, we find that the circuit court properly ruled that this evidence was admissible for a legitimate purpose and did not abuse its discretion in determining that such evidence was more probative than prejudicial. We note our prior finding that "[t]his Court reviews disputed evidence in the light most favorable to its proponent, [in this case, the State,] maximizing its probative value and minimizing its prejudicial effects." *LaRock*, 196 W. Va. at 312, 470 S.E.2d at 631; s*ee also McGinnis*, 193 W. Va. at 159, 455 S.E.2d at 528.

Petitioner argues that the circuit court's admission of lustful disposition evidence involving A.R. and Z.W. was improper as both A.R. and Z.W. were over the age of sixteen, the age of consent, at the time of their communications with petitioner. Petitioner advocates that this Court adopt a "bright-line" test qualifying that the admissibility of lustful disposition towards children evidence is only proper where the victim and those who are the subject of the other

4

crimes are over the age of consent as established in West Virginia Code § 61-8B-2. Petitioner argues that the West Virginia Legislature has determined, in West Virginia Code § 61-8B-2, that persons over the age of sixteen are generally deemed capable of providing consent in the context of sexual acts.

Respondent counters that the circuit court properly admitted evidence of petitioner's communications with A.R., and Z.W., as contemplated by this Court's ruling in *Edward Charles L.*, and this Court's prior rulings defining "children" as anyone under the age of majority in West Virginia. *See State v. McIntosh*, 207 W. Va. 561, 534 S.E.2d 757 (2000), and *State v. Robert Scott R., Jr.*, 233 W. Va. 12, 754 S.E.2d 588 (2014). Based on our review of record herein, we concur with respondent and find that the circuit court did not commit error with respect to the admission of 404(b) evidence. Here, the circuit court completed the necessary pre-trial review of the subject evidence and provided a limiting instruction at trial. Further, petitioner was provided with the opportunity to cross-examine each of the witnesses at trial. Accordingly, we find no error.

For the foregoing reasons, we affirm petitioner's August 26, 2016, jury conviction.

Affirmed.

**ISSUED:** January 5, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5